**David A. Schuck,** OSB 993564, WSB 37285
E-Mail: dschuck@wageclaim.org
**Stephanie J. Brown**, OSB 030019, WSB 42030
E-Mail: sbrown@wageclaim.org
**Karen A. Moore**, OSB 040922, WSB 42476
E-Mail: kmoore@wageclaim.org

**SCHUCK LAW, LLC**
Attorneys at Law
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

        Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE  DISTRICT OF  OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **CANAN SCHUMANN**, individually and on behalf of all similarly situated, | **Case No.  3:20-CV-1751** |
| **Plaintiff**, | **COMPLAINT (Wage Claim)** |
| v. | Unpaid Wages Action (ORS 652.140, 652.150) |
| **AMAZON.COM, INC.,** a foreign corporation, **AMAZON.COM SERVICES LLC;** a foreign corporation, | DEMAND FOR JURY TRIAL |
| **Defendants.** | |

Plaintiff, Canan Schumann, by and through the attorneys at Schuck Law, LLC, brings this

complaint against Defendants Amazon.com Services LLC; Amazon.com, Inc. (Collectively

"Amazon" or "Defendants").  Plaintiff alleges the following upon information and belief, or

Plaintiff's personal knowledge:

Page 1 - Complaint

## I.  JURISDICTION AND VENUE

1.      Class Action Fairness Act: Plaintiff alleges on information and belief, that this Court has

subject matter jurisdiction over all claims under the Class Action Fairness Act, 28 U.S.C. §

1332(d)(2), because this is pled as a class action, the amount in controversy exceeds $5,000,000

exclusive of interest and costs and because the alleged class exceed 100 members.

Further diversity of citizenship exists between the named Plaintiff and one or more of

Defendants.

2.      Venue is proper in the District of Oregon under 28 U.S.C. § 1391(b) and (c), because the

employment practices alleged are brought on behalf of Oregon employees, and because the

events set forth in this complaint occurred in Oregon where Amazon conducts business.

3.      The employment practices alleged herein were committed in the District of Oregon.

4.      Plaintiff and similarly situated individuals worked for Amazon in Oregon.

## II.  PARTIES

5.      Defendants are foreign corporations.

6.      Plaintiff is an individual who resides in and is a citizen in Oregon.

7.      Defendants employed Plaintiff in Oregon.

8.      Defendants are subject to Oregon wage and hour laws.

9.      At all material times, Plaintiff and all similarly situated individuals are current and former

employees of Defendants, who worked for Defendants in Oregon and who are subject to Oregon

wage and hour laws, rules and regulations.

10.     At all material times, Plaintiff and all similarly situated individuals used Defendants'

---

Page 2 - Complaint

electronic time keeping system to track their "work time" in Oregon.

11.    Defendants are employers that have and/or had employees working in Oregon.

### III.  FACTUAL ALLEGATIONS

12.    Plaintiff began working for Defendants on or about August 2019.

13.    Defendants employed Plaintiff as an at-will employee.

14.    Defendants did not contract with Plaintiff to work for any specific period of time.

15.    As part of Plaintiff's employment, Plaintiff was not subject to a collective bargaining agreement and/or part of a union.

16.    During the course of Plaintiff's employment, Defendants allowed, suffered and permitted Plaintiff to perform work for the benefit of Defendant.

17.    Defendants agreed to pay Plaintiff at the hourly rate of $15.60.

18.    Plaintiff's employment for Defendants ended on August 6, 2020.

19.    Plaintiff quit his employment after providing not less than 48 business hours of the intention to quit.

20.    Because Plaintiff quit with notice, his final check was due immediately on his final day of work.  ORS 652.140(2)(a).

21.    Plaintiff's final wages were due to him on or about August 6, 2020.

22.    On or about August 14, 2020, Plaintiff received his final wages via direct deposit.

23.    Plaintiff's final wages did not include all wages due because of Defendants' actions alleged herein.

24.    Plaintiff's attorney sent multiple written notices of the wage claim to Defendants both on

Page 3 - Complaint

an individual and class action basis.

25.     Defendants did not pay wages for all time worked on-the-clock by Plaintiff and similarly situated individuals.

26.     Defendants were required to pay all wages due at the next regularly scheduled payday.

27.     Defendants failed and refused to pay Plaintiff and class members all wages due for all time worked from the time the employee began working until the time the employee stopped working.

28.     Defendants used their policies and practices combined with the programming of their time keeping system to ensure that employees would regularly be paid for less time than the employee actually worked.

29.     Defendants' policies and practices include, but are not limited to, requirements regarding when and how to begin shifts, punching in and out of the time clock, processes that the employees must go through to end work, and the timing of the punches in regards to the scheduled shift.

30.     Wages are due and owing Plaintiff and class members and they are owed penalty wages for Defendants' failure to timely pay final wages.

31.     Defendants' policy and practices were designed to ensure that, over a period of time, employees would not be paid for all time they worked while on-the-clock.

32.     Defendants' authorized Plaintiff and class members to be on-the-clock, and on location, during the times that the employees were on-the-clock.

33.     Defendants used their electronic time keeping system to determine the "work time" for

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

their non-exempt employees.

34.     Defendants used the "work time" in their electronic systems, as modified from the

original employee punches, to calculate Plaintiff and class members' pay.

35.     Defendants' employment policies and the use of the electronic time clocks in Oregon

caused them to fail to pay wages as required by Oregon law.

36.     Defendants failed to compensate Plaintiff and class members all their wages due at the

next regularly scheduled payday in violation of Oregon law.

37.     Defendants had a practice and policy of failing to pay its employees whose employment

ended when required by Oregon law.

38.     Defendants failed to make immediate payment of all wages due and owing Plaintiff and

class members upon the ending of employment pursuant to Oregon law.

39.     Defendants were free agents.

40.     Defendants knew when Plaintiff's and class member's employment ended.

41.     Defendants intended to pay wages to their respective employees when they did.

42.     Defendants intended to pay the amount of wages they actually paid to Plaintiff and class

members.

## IV.  CLASS ACTION ALLEGATIONS

43.     Plaintiff brings the Oregon wage claims for failure to pay all wages and failure to pay all

wages when due at termination as a class action pursuant to Federal Rules of Civil Procedure 23

on behalf of himself and as the Class Representative for the following persons:

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

**(Class Period)**

A.      For those employees working at the PDX9 facility in Troutdale, the class period begins 30 days before the filing of *Buero v. Amazon*, case no 3:19-cv-00974-MO.

B.      For those employees working at locations other than the PDX9 facility, the class period begins 30 days before the filing of *Swearingen v. Amazon*, No. 3:19-cv-01156-JR.

C.      The class period ends at the date of filing of this Complaint.

**(Unpaid Wages Class)**

44.      For Plaintiff and similarly situated individuals who worked for Defendants within the class period who were not paid wages for all hours worked.

**(Late Payment Class)**

45.      For Plaintiff and similarly situated individuals whose employment with any Defendant ended within the class period, and who did not receive all wages when due.

46.      The Oregon law claims, if certified for class wide treatment, may be pursued by all similarly-situated persons who do not request exclusion or opt-out of the class.  Class members may be notified of the pendency of this action by first-class mail.

47.      Class members may be identified through Defendants' human resources and payroll computer systems.  Notice of the class action may be made by mailing to the class members' address in Defendants' records.

48.      Class members may be notified of the pendency of this action by creating specific web pages describing the lawsuit and its affect on the class members as may be approved or required by the court.

Page 6 - Complaint

49.    Plaintiff's Oregon law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

50.    <u>Numerosity of the Class (Fed. R. Civ. P. 23(a)(1))</u>: The class satisfies the numerosity requirement. The class is believed to exceed 100 persons and may increase based on the turnover rate of employees during applicable statute of limitations.  As a result, joinder of all class members in a single action is impracticable. The precise number of class members and their addresses are unknown to Plaintiff, but can be determined from Defendants' employment and payroll records.

51.    <u>Commonality (Fed. R. Civ. P. 23(a)(2))</u>: There are questions of fact and law common to the class that predominate over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendants' actions include, without limitations, the following:

A.    Whether Defendants had policies and practices regarding attendance, time clock utilization, and payroll calculations;

B.    Whether Defendants programmed their electronic time keeping system to alter punch times for their employees working in Oregon;

C.    Whether the above polices and electronic time keeping system programming caused Defendants to fail to pay Plaintiff and class members all wages based on the practices alleged herein;

D.    Whether Defendants authorized Plaintiff and class members to attend during the altered time clock periods;

Page 7 - Complaint

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

E.      Whether all time on the clock was work time under Oregon law.

F.      Whether Plaintiff's and class members' employment ended during the class period;

G.      Whether Defendants had a practice of failing to timely pay all wages when due and required by ORS § 652.140;

H.      Whether Defendants' conduct in failing to timely pay all wages at the end of employment was willful;

I.      Which remedies are available for the alleged violations of ORS 652.120; 652.140; and 652.150.

J.      Whether class members are entitled to recovery their attorney fees under ORS 652.200.

52.    <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>:  Plaintiff's claims are typical of class members' claims because Plaintiff and other employees were subject to the same policies and practices alleged herein and used the same electronic time keeping system.  Plaintiff's claims are typical of class members' claims in that:

A.      Plaintiff was affected by the violations described above;

B.      Plaintiff's claims stem from the same practices and/or courses of conduct that form the basis of the claims;

C.      Plaintiff's claims are based upon the same legal and remedial theories as those of the class and involve similar factual circumstances; and

D.      Plaintiff's injuries are similar to the injuries which class members have suffered.

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

53.    <u>Adequacy of Plaintiff's Representation (Fed. R. Civ. P. 23(a)(4))</u>: The named Plaintiff

will fairly and adequately represent and protect the interests of the class because:

    A.    There is no conflict between his claims and those of other class members;

    B.    Plaintiff retained counsel who are skilled and experienced in wage and hour cases

        and in class actions and who will vigorously prosecute the case;

    C.    Plaintiff's claims are typical of the claims of class members; and

    D.    The interests of the class members will be fairly and adequately protected by

        Plaintiff and his counsel.

54.    <u>Plaintiff provided notice before this lawsuit was filed</u>: The named Plaintiff provided

multiple notices regarding the claims both individually and as a class action in this case.

Plaintiff's initial notice was sent via certified mail, return receipt requested.

55.    <u>Superiority (Fed. R. Civ. P. 23(b)(3))</u>: A class action is superior to other available means

for the fair and efficient adjudication of Plaintiff's and class members' claims. Each class

member's damage amount may be relatively small, especially given the burden and expense of

individual prosecution of the complex and extensive litigation necessitated by Amazon's

conduct.  Moreover, even if class members could afford individual litigation, the court system

would be unnecessarily burdened by the individual actions.  Individualized litigation presents a

potential for inconsistent or contradictory judgments and increases the potential for delay and

expense for all parties.  A class action will present far fewer management difficulties and will

provide the benefits of a single adjudication, economy of scale, and comprehensive supervision

by a single court.  Plaintiff's claims are appropriate for certification under Fed. R. Civ. P.

23(b)(3).  A class action would avoid inconsistent or varying adjudications with respect to

Page 9 - Complaint

individual class members.  Given the number of class members, individual cases would likely lead to inconsistent adjudications.  This is an inefficient use of limited judicial resources to separately rule on the same legal issues that are present in this case for the Plaintiff.

56.    Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each class member who suffered harm to bring a separate action.  Additionally, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.  Further, because this case is based upon electronic records, determining the violations for a large group of current and former employees is easier.

57.    Common questions of fact and law exist as to all similarly situated individuals and predominate over any questions that affect only individual members.  The conduct at issue in this case affected Plaintiff and all proposed class members.

58.    The members of each class exceed 100 members and that number will increase depending upon employee turnover.  In *Buero v, Amazon*, the same Defendants asserted that a one year period only at PDX9 location resulted in a class action case with 4,000 members of which 1,755 members had ended their employment.  This case covers a longer time period for the same location, plus additional locations for a longer period of time.  *Buero*, 3:19-cv-00974-MO Dkt 5 ¶ 4.  Thus, Plaintiff estimates that this case will have a larger amount of class members than the Defendants stated in *Buero*.

59.    Evidence supporting class allegations are based upon information and belief.  Evidence supporting the allegations will be available through discovery because Defendants are required to

Page 10 - Complaint

keep wage and hour records for current and former employees.  Plaintiff has a good faith belief that wages are due absent class members based in part from Plaintiff and in part from data derived from Defendants' time keeping systems and Plaintiff's paychecks.

60.     Plaintiff has a good faith belief that wages are due absent class members based on the fact that he alleges common practices that he, like other employees, were required to follow and the operation of the time clock.

61.     Defendants suffered and permitted Plaintiff and similarly situated individuals to work hours for which Defendants did not compensate them.  Defendants did so by not including all hours worked and recorded on the electronic time keeping system when computing employee pay.

62.     Defendants failed and refused to pay all wages to Plaintiff and similarly situated individuals whose employment ended when those wages were due.

63.     Examples of time loss caused by Defendants' policies, practices, and recorded in Defendants' time keeping and payroll records show consistent and substantial time and thus wage losses.

64.     The following is a short example of dates and times Plaintiff was shorted work time due to Defendants' policies, practices, electronic time clocks, and payroll systems.  "Date" refers to the date Plaintiff worked and "Minutes of Work Shorted" refers to the number of minutes that Plaintiff punched into the time clock that were not ultimately paid by Defendants' payroll system:

**Schuck Law, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

| Date | Minutes of Work Shorted |
|------|------------------------|
| June 1, 2020 | 10 |
| June 2, 2020 | 5 |
| June 3, 2020 | 6 |
| June 4, 2020 | 5 |
| June 8, 2020 | 5 |
| June 9, 2020 | 5 |
| June 10, 2020 | 5 |
| June 11, 2020 | 5 |
| June 15, 2020 | 5 |
| June 16, 2020 | 6 |
| June 17, 2020 | 7 |
| June 18, 2020 | 5 |
| June 22, 2020 | 5 |
| June 23, 2020 | 7 |

65.     Additional dates and times exist and can be shown by Defendants' records.

66.     In just June 2020 alone, the Defendants failed to pay over 1.5 hours of work time to

Plaintiff because of Defendants' policies and their electronic time keeping system.

67.     The same type of records will show the dates and times Defendants used their policies,

practices, and electronic time clock to avoid payment of wages for each class member, and will

show the number of minutes that the employer failed to pay for time worked.

68.     Assuming the same rate for 4,000 class members, Defendants could save $1,080,000 in

SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

wages a year through shorting wages as described herein.[1]

69.    Defendants' time keeping system took time from the start and end of any shift segment.

70.    Shift segment, for this complaint, means the time between an employee punch-in and the same employee punch-out of the time keeping system.

71.    Typically, employees punch-in when start work at the beginning of their shift, punch-out to go to lunch, punch back in to resume work after a lunch, then punch-out at the end of the day.

72.    A shift segment can exist before and after a lunch period.

73.    A shift segment can also be the entirety of a work day.

74.    Plaintiff was an at will employee and was not contracted to work for any specific period of time for any Defendant.

75.    Plaintiff's employment for Defendants terminated when he quit his employment after providing the employer with more than 48 business hours notice of his intent.

76.    Defendants agreed to pay Plaintiff and class members at multiple hourly rates depending upon the date the wages were earned and the class member in question.

77.    The hourly rates and the corresponding dates and times for all class members may be found through Defendants' electronic databases.

## V.  CLAIMS FOR RELIEF

### First Claim for Relief

### (Unpaid Wages Claim)

78.    Plaintiff re-alleges all paragraphs as though fully alleged herein.

---

[1] Calculated as:  4,000 (employees) * 1.5 (hours per month) * 12 (months) * $15 (hourly rate) = $1,080,000.

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

79.     Defendants, as employers in Oregon, are required to follow and comply with Oregon's wage and hour laws and regulations.

80.     Defendants were required to pay Plaintiff and similarly situated class members all wages on payday, as required by ORS 652.120, and timely at the end of employment, as required by ORS 652.140.

81.     During the course of employment, Defendants allowed, suffered and permitted Plaintiff and class members to perform work for the benefit of Defendants.

82.     Defendants authorized employees to be at work during times they were on-the-clock.

83.     Defendants authorized employees to be on location while they were on-the-clock.

84.     Defendants authorized employees to attend during times employees were on-the-clock.

85.     The purpose of the time clocks were to track work time.

86.     Defendants use the electronic data from the time clock and payroll system to comply with the record keeping requirements of ORS 653.045; OAR 839-001-0730; and OAR 839-020-0080.

87.     Defendants tracked time worked by Plaintiff and similarly situated class members through an electronic time keeping system.

88.     Defendants' electronic time keeping system downloaded data to Defendants' payroll system.

89.     Defendants programmed the electronic time keeping system such that it failed to provide payroll with all the hours worked and recorded by Plaintiff and class members.

90.     Defendants programmed the electronic time keeping system such that it used a different start and stop "punch times" at the beginning of a shift, end of a shift, and for lunch breaks.

91.     Defendant provided the altered time (different start and stop times) to payroll for

Page 14 - Complaint

purposes of calculating payroll resulting in Defendants not paying for all hours worked while the employee was on-the-clock.

92.     The alterations with each punch appear to be up to 5 minutes, whether taken from an employee punch-in or an employee punch-out time.

93.     Plaintiff estimates that the average loss of paid work time based upon the computer programming described above is 12-20 minutes per class member per week.

94.     Defendants' practice of altering time on the time clock also shortened lunches for which employees are entitled to payment.

95.     Defendants are required to keep this data for no less than 2 years.  OAR 839-001-0730 and OAR 839-020-0080.

96.     Because Defendants are required to have these records, it is easy for Plaintiff to obtain the records from Defendants to satisfy his burden under Oregon law.

97.     Plaintiff intends to rely upon Defendants' records to be obtained from Defendants as allowed by *Chard v. Beauty-N-Beast Salon*, 148 Or App 623, n. 9 (1997), *overruled on other grounds*, *Cejas Comm. Interiors, Inc. v. Torres-Lizama*, 260 Or App 87 (2013)(citing with approval the burden shifting standard of *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946)).

98.     Defendants paid wages to Plaintiff and class members based upon the altered time communicated to payroll by the electronic time keeping system as described herein.

99.     Defendants were required to pay all wages earned on payday under ORS 652.120 and 653.010, including the wages it failed to pay because of the way Defendants programmed its electronic time keeping system.

Page 15 - Complaint

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

100.    Defendants failed to timely pay all wages to Plaintiff and class members because of the policy/practices and the programming used by the electronic time keeping system.

101.    Defendants failed and refused to pay all wages earned during Plaintiff and class members employment for Defendants and there remains an amount of wages owed to Plaintiff and class members.

102.    Because Defendants' failure to make payment of all wages when due, Plaintiff and class members are due unpaid wages in an amount to be determined at trial, subject to amendment at and before trial to conform to available evidence.

103.    Because of Defendants' failure to pay Plaintiff's and all class members' wages within 48 hours after they were due, Plaintiff and class members are entitled to recover costs, disbursements, and reasonable attorney fees, pursuant to ORS 652.200(2).

104.    Plaintiff and class members seek unpaid wages, costs, disbursements and attorney fees, pursuant to ORS 652.200(2) plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

**Second Claim for Relief**

(Late Payment at Termination Claim)

105.    Plaintiff re-alleges all paragraphs as though fully alleged herein.

106.    During the course of Plaintiff's and class members' employment, Defendants allowed, suffered and permitted, and authorized Plaintiff and class members to perform work for the benefit of Defendants.

107.    At the time of Plaintiff's and class members' terminations, Defendants agreed to pay Plaintiff and class members at set hourly rates.

Page 16 - Complaint

108.    Plaintiff quit his employment after providing at least 48 hours notice.

109.    Class members' quit or were fired from their employment.

110.    Class members also had their employment relationships end.

111.    The date a class members' employment ended can be obtained from Defendants' records.

112.    The last hourly rate paid to Plaintiff and class members and the final date of employment for Plaintiff and class members should be in Defendants' employment records.

113.    Defendants failed to pay Plaintiff and all class members the wages as set out above, and wages remain due and owing.

114.    Defendants were required to pay Plaintiff and all class members for all time they worked, including the unpaid time described in this complaint, within the time set by ORS 652.140 for each termination.

115.    Defendants failed and refused to pay all time worked, and therefore, failed to pay all wages within the time required by ORS 652.140.

116.    In failing to pay all of Plaintiff's and class members' final wages at termination, Defendants were free agents.

117.    In failing to pay all of Plaintiff's and class members' final wages at termination, Defendants determined their own actions.

118.    Defendants were on notice that their practices and time keeping system programming violated Oregon law because they received pre-litigation notices and the complaint in *Swearingen*. 119.    Defendants programmed, or caused their electronic time keeping system to be programmed, in the manner set forth in this complaint.

120.    Defendants each had a duty to ensure that the electronic time keeping system was

Page 17 - Complaint

programmed to accurately reflect the actual time worked by each class member.

121.    In failing to pay all of Plaintiff's and class members' final wages at termination,

Defendants were not responsible to, nor coerced by any other person, or entity, or authority.

122.    Defendants knew Plaintiff's employment had ended.

123.    Defendants knew class members' employment had ended.

124.    Defendants possessed all information regarding the hours worked by Plaintiff and class

members.

125.    Defendants could calculate the amount of wages due Plaintiff and class members at

termination.

126.    Defendants were capable of paying all Plaintiff's and class members' wages earned and

due at termination.

127.    Defendants' failure to make payment of Plaintiff's final wages when due was wilful and

continued for not less than 30 days.

128.    Defendants continued their failure to pay all wages due after Plaintiff's written demand.

129.    Defendants failed to pay other employees all their wages at separation of employment in

the year preceding the termination of Plaintiff or any class member.

130.    Because of Defendants' failure to pay payment of final wages when due, Plaintiff is due

statutory penalty wages of not less than $3,744.00, pursuant to ORS 652.150, for the continuation

of Plaintiff's unpaid final wages for not less than 30 days, subject to amendment at and before

trial to conform to available evidence.

131.    Because of Defendants' failure to make payment of final wages when due, Plaintiff and

class members are due statutory penalty wages in an amount to be determined pursuant to ORS

Page 18 - Complaint

652.150, for the continuation of Plaintiff's and class members' unpaid final wages for not less than 30 days for each termination for any Defendant.  The amount is subject to amendment at and before trial to conform to available evidence.

132.    Because of Defendants' failure to pay Plaintiff's wages within 48 hours after they were due, Plaintiff and class members are entitled to recover costs, disbursements, and reasonable attorney fees, pursuant to ORS 652.200(2).

133.    Plaintiff and class members seek statutory wages pursuant to ORS 652.150, and costs, disbursements.  Plaintiff also seeks attorney fees, pursuant to ORS 652.200(2) plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

## V.    PRAYER FOR RELIEF

**WHEREFORE;** Plaintiff, individually and on behalf of the class, request the Court award such damages as set forth above for wages and penalties; award attorney fees, costs and expenses of the suit; order Defendant to pay prejudgment and post judgment interest on all amounts due; and order such further or alternative relief in favor of Plaintiff and similarly situated individuals as the Court deems appropriate.

DATED:  October 12, 2020.   Schuck Law, LLC

       /s/ David A. Schuck
DAVID A. SCHUCK, OSB 993564
STEPHANIE J. BROWN OSB 030019
KAREN A. MOORE OSB  040922
(360) 566-9243
Attorneys for Plaintiff

Page 19 - Complaint