IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KRISTIN SWEARINGEN, | 3:19-cv-1156-JR |
| Plaintiff, | |
| v. | ORDER |
| AMAZON.COM SERVICES, INC. and AMAZON.COM INC., Delaware corporations, and AMAZON.COM.DEDC, LLC, a Delaware limited liability company, | |
| Defendants. | |
| CANAN SCHUMANN, individually and on behalf of all similarly situated, | 3:20-CV-1751-JR |
| Plaintiff, | |
| v. | |
| AMAZON.COM, INC., a foreign corporation; AMAZON.COM SERVICES LLC, a foreign corporation, | |
| Defendants. | |

RUSSO, Magistrate Judge:

Page 1 – ORDER

In Case No. 19-CV-1156-JR, plaintiff, Kristen Swearingen, brings an action under state wage and hour laws against defendant Amazon arguing she is entitled to recover unpaid wages and penalty wages.[1] Plaintiff seeks to bring this claim on behalf of herself as well as similarly situated employees of defendant Amazon.[2] Generally plaintiff alleges Amazon rounded time clock punches resulting in a consistent net underpayment to plaintiff and the purported class members. Plaintiff also alleges Amazon failed to pay for breaks of fewer than 30 minutes resulting in further underpayment. In addition, plaintiff asserts Amazon failed to pay all earned wages within the statutory deadline upon plaintiff's employment termination as well as that of the purported class members.

The proceedings are currently at the precertification stage. However, the parties have briefed the motion to certify the class. The proposed classes consist of:

1. The Rounding Class, consisting of all current and former Amazon employees who performed work in Oregon "fulfillment center" facilities (i.e., excluding data center employees), in any workweek the regular payday for which was on or after December 20, 2012 and on or before April 15, 2019, during which they lost time due to Amazon's rounding policy, who do not file a timely request to opt-out of the Class; and

2. The Unpaid Break Class, consisting of all current and former Amazon employees who performed work at any Oregon facility in any workweek the regular payday for which was on or after December 20, 2012 and on or before April 15, 2019, during which they had a clocked-out break (i.e., either a rest period or a meal period) of fewer than 30 minutes, who do not file a timely

---

[1] Defendants are Amazon.com Services, Inc., Amazon.com Inc., and Amazon.com.dedc, LLC. Amazon.com.dedc. LLC was merged into Amazon.com Services LLC (formerly Amazon.com Service, Inc.) on January 1, 2019.

[2] Plaintiff alleges the Amazon entities employed plaintiff and the class members in Multnomah County, Oregon and elsewhere.

Page 2 – ORDER

request to opt-out of the Class.[3]

Contemporaneous with the completion of briefing on the motion to certify, the Amazon defendants moved to stay the proceedings until April 21, 2021, which is the day after a scheduled mediation.[4]

## DISCUSSION

At this stage, merits discovery, as a practical matter, will not proceed until the issue of class certification is resolved.[5] The certification issue went under advisement on February 8, 2021. The parties have not consented to magistrate judge jurisdiction. Accordingly, the undersigned will need to issue a Findings and Recommendation (F&R) which will then place the matter before a district judge for final disposition. That process may very well result in a decision on class certification after the mediation scheduled for April 20, 2021. Accordingly, defendants move the Court to stay these proceedings to essentially preserve the status quo heading into mediation and to allow the parties to fully invest their energies in preparing for the mediation rather than potentially preparing objections to an F&R. Further complications involve whether this case would subsume the Schumann case should the Court certify the proposed classes.[6]

---

[3] In addition to this action, Canan Schuman brings a similar proposed class action against Amazon seeking wages due and overtime for meal periods that were less than 30 minutes and all wages due upon termination in Case No.20-CV-1751-JR. Amazon currently seeks to dismiss that action as duplicative of this action under the first-to-file-rule or, in the alternative, stay it pending resolution of class certification and dispositive motions in this action.

[4] On January 14, 2021, the parties agreed to explore settlement through mediation at defendants' expense, before mediator Teresa A. Wakeen, which has been set for April 20, 2021.

[5] Defendants filed a motion for partial summary judgment with respect to the individual meal break claim which the Court stayed until after the ruling on certification and issues of discovery are resolved. The Court notes it appears that, with the exception of a motion to compel plaintiff intends to file with respect to certain merits issues, merits-based discovery is also complete.

[6] Schumann asserts that any proposed class member in his case who was terminated less than 30 days prior to the filing of the complaint in this case would be prejudiced with respect to penalty wages under Or. Rev. Stat. § 652.150. The Court has yet to resolve whether such issue prevents application of the first-to-file-rule in that case.

Page 3 – ORDER

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

> In considering a motion to stay, a court must consider three factors: (1) potential prejudice to the non-moving party, (2) hardship and inequity to the moving party if the action is not stayed, and (3) the judicial resources that would be saved. See CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962); Oregon, ex rel. Kroger v. Johnson & Johnson, … 2011 WL 1347069, at *2 (D. Or. Apr. 8, 2011). "If there is even a fair possibility that the stay will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) (quotation omitted). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." Levya, 593 F.2d at 864. However, "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity." Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005) (quotation omitted). A delay in recovering monetary damages is not sufficient harm to warrant denying a stay. See CMAX, 300 F.2d at 268–69.

Reynolds v. Geico Corp., 2017 WL 815238, at *2 (D. Or. Mar. 1, 2017).

Plaintiff speculates that the true purpose of this motion is to stall the case as long as possible. However, a delay of two to three months before the Court considers a fully briefed motion results in little prejudice to plaintiff given the circumstances of this case. As noted above, even merits discovery is mostly complete with the exception of a motion to compel plaintiff may seek to file before responding to an already stayed motion for partial summary judgment filed by defendants.

Plaintiff asserts she is confident that her motion for certification as to both classes will be certified and assumes, therefore, the case will not settle until "Amazon has the bad news in

Page 4 – ORDER

writing."⁷  However, the parties are equally capable of assessing the strengths and weaknesses of their respective cases absent a ruling from the Court and negotiate accordingly in mediation.

Plaintiff also digresses into the profitability of Amazon during the pandemic in an attempt to negate any hardship defendant may suffer if the stay is not granted. Amazon's profitability (or lack thereof) is not considered by the Court when assessing whether to exercise its discretion. The Court primarily considers judicial economy particularly with respect to the time and effort that may be saved by the parties and the Court. At this stage of the litigation, the proposed classes resemble the existence of Schrödinger's cat, they are both certified and not certified. Neither party is prejudiced by this paradox anymore than the other. However, if the undersigned denies the stay and proceeds to recommend a ruling on the motion, then both parties will expend their energies on any objections that will result with a significant chance that the motion will not be fully resolved prior to mediation. In addition, the Court will have to spend time and effort on a motion that may become moot depending on the success of mediation.

The only hint of prejudice in granting a stay is plaintiff's belief that her position in mediation will be strengthened by the success of her certification motion. However, this merely puts plaintiff on an equal plane with defendant going into mediation. The Court presumes the parties will act in good faith in assessing the likelihood of success both as to the certification issue and the merits of the underlying claims while undertaking efforts to mediate.

Plaintiff, in her sur-response, asserts she would rather postpone mediation than postpone class certification. However, plaintiff not only disregards the utility of mediation with respect to the economy it affords the parties, but she also disregards the impact mediation has on judicial

---

⁷ Presumably, defendant is similarly confident it will prevail on its motion for partial summary judgment.

Page 5 – ORDER

economy for this Court. The parties both agreed mediation would be useful, and, despite the ongoing pandemic, successfully scheduled a date with a mediator that may very well precede a final ruling on the motion to certify. It is in the interest of all concerned that the parties undertake this effort in good faith. Moreover, the Court has every reason to believe that both parties, after assessing the respective strengths and weaknesses of their cases, will do exactly that. The motion to stay is granted and the proceedings in this case are stayed until April 21, 2021. In addition, the Court encourages consultation with counsel in Schumann v. Amazon.com, Inc, Case No. 20-CV-1751 as to any impact mediation may have on that case and, if necessary, invite Schumann to participate in the mediation as well. Accordingly, the Court, on its own motion stays the proceedings in Case No. 20-CV-1751-JR until April 21, 2021.

## CONCLUSION

Defendants' motion to stay in Case No. 19-CV-1156-JR (ECF 79) is granted and that case is stayed until April 21, 2021. In addition, on the Court's own motion, the proceedings in Case No. 20-CV-1751-JR are also stayed until April 21, 2021.

DATED this 16th day of February, 2021.

                                         /s/ Jolie A. Russo
                                            Jolie A. Russo
                                    United States Magistrate Judge