**David A. Schuck,** OSB 993564
E-Mail: dschuck@wageclaim.org
**Stephanie J. Brown**, OSB 030019
E-Mail: sbrown@wageclaim.org
**Karen A. Moore**, OSB 040922
E-Mail: kmoore@wageclaim.org
**Schuck Law, LLC**
Attorneys at Law
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

*Attorneys for Plaintiff and Class*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CANAN SCHUMANN**, individually and on behalf of all similarly situated,<br><br>                                   **Plaintiff**,<br><br>        v.<br><br>**AMAZON.COM, INC.,** a foreign corporation, **AMAZON.COM SERVICES LLC;** a foreign corporation,<br><br>                                   **Defendants.** | Case No.  **3:20-CV-1751-JR**<br><br>**STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS** |

1. **PREAMBLE**.  This Stipulation and Settlement Agreement of Class Action Claims is made by Plaintiff Canan Schumann, individually, and on behalf of all other persons similarly situated, and the Defendants in the case pending in the U.S. District Court for the District of Oregon, Case No. 3:20-CV-01751-JR and subject to the Court's approval.

2. **DEFINITIONS**.  As used in this Agreement and its attached exhibits, and any motions filed supporting this settlement, unless otherwise defined, the following terms have the meaning specified below.

    2.10.  "*Agreement*" means this Stipulation and Settlement Agreement of Class Action

Claims and all its exhibits.

2.11. "*Approved Claimant*" means those Class Members in Group B who submit a Claim Form as required by this Agreement.

2.12. "*Buero*" means the *Buero v. Amazon.com Services, Inc. and Amazon.com, Inc.,* filed on May 22, 2019 in Multnomah County Circuit Court, Case No. 19CV22979, removed to the U.S. District Court for the District of Oregon as Case No. 19-CV-00874-MO, and all appeals therefrom.

2.13. "*Case*" means the lawsuit entitled *Canan Schumann, individually and on behalf of all similarly situated vs. Amazon.com Services LLC; Amazon.com, Inc.,* Case No. 3:20-CV-01751-JR, in the U.S. District Court for the District of Oregon.

2.14. "*Claim Form*" means a document substantially in the form as attached as Exhibit 2 whether in paper, email, or through online submission, as the method by which Class Members in Group B may submit a claim.

2.15. "*Class Counsel*" means the attorneys David A. Schuck, Stephanie J. Brown and Karen A. Moore at Schuck Law, LLC.

2.16. "*Class Members*" for purposes of settlement only, means all hourly Operations employees of Amazon working in Oregon during the period of April 16, 2019 through October 12, 2020 (estimated at approximately 22,035 individuals). There shall be a maximum of 23,050 Class Members.

2.17. "*Class Period*" mean April 16, 2019 through and including October 12, 2020.

2.18. "*Class Representative*" mean the Plaintiff in the Case: Canan Schumann. Class Counsel shall request that the Plaintiff, who is also referred to as "Named Plaintiff," be appointed as the Class Representative.

2.19.   "*Court*" or "*District Court*" means the U.S. District Court for the District of Oregon.

2.20.   "*Defendant*" or "*Amazon*" means Amazon.com Services LLC and Amazon.com, Inc.

2.21.   "*Effective Date*" means the date by which the order of Final Approval is signed by the Court, or if there are any objectors, then 30 days after any such appeal is final or the time to appeal has run.

2.22.   "*Final Approval Hearing*" is the date that the Court will conduct a hearing in which to hear any objections and the Parties' request final approval of the Settlement.

2.23.   "*Maximum Settlement Amount*" is $16,000,000.00 and is the total maximum amount that Amazon will pay pursuant to this Agreement, inclusive of all payments made to Class Members, the Service Payment to the Named Plaintiff, all Settlement Administration Expenses, both employee and employer shares of applicable payroll tax payments (e.g., FICA, FUTA, etc.), and all Plaintiff's attorneys' fees and costs. In no event will Amazon be required to pay more than the Maximum Settlement Amount.

2.24.   "*Minimum Settlement Amount*" is a guaranteed amount Amazon will pay, without possibility of a reversion, consisting of (a) $5,333,333.33 in Settlement Awards to Class Members and Approved Claimants; (b) $5,333,333.33 in attorneys' fees; (c) $4,423.00 in costs; (d) $150,000.00 in Settlement Administration Expenses; (e) $20,000.00 as a Service Payment, and (f) employer-side taxes on the Settlement Awards, each as provided for elsewhere in this Agreement.

2.25.   "*MOU*" or "*Memorandum of Understanding*" is the preliminary agreement between the Parties leading to this Agreement and is attached as Exhibit 6.

2.26.   "*Net Settlement Award*" means the Settlement Award to Class Members and

Approved Claimants less applicable taxes.

2.27. "*Notice*" means a document substantially in the form of the Notice of Class Action Settlement attached as Exhibit 1.

2.28. "*Order and Final Judgment*" refers to the Order and Final Judgment Approving Settlement of Class Action in the proposed form attached as Exhibit 4, which this Agreement contemplates will be entered and approved by the Court.

2.29. "*Parties*" means the Plaintiff and Amazon.

2.30. "*Plaintiff*" or "*Named Plaintiff*" means the Named Plaintiff in the Case:  Canan Schumann.

2.31. "*Response Deadline*" means 60 days after the date on which the Notice and Claim Form are mailed to Class Members.

2.32. "*Released Claims*" by Class Members, who do not request exclusion, means:

> All claims, demands, rights, liabilities, and causes of action that have or could have been asserted for violations of the Fair Labor Standards Act and/or Oregon State wage and hour statutes, laws or regulations, including, but not limited to ORS 652.140, 652.150, 653.055, for regular wages, overtime wages, compensation, liquidated damages, penalty wages, attorney fees and costs, and/or any and all other wage and hour violations, arising out of, relating to the employment of the Class Members, or in connection with the conduct and claims alleged in this case.  This includes without limitation claims that Amazon did not timely pay Plaintiff and Class Members any and/or all wages due at any time during the Class Period.  Nothing in this Agreement shall apply to any claims arising after October 12, 2020.  This Release shall not encompass any claims asserted in *Buero v. Amazon.com Services, Inc. and Amazon.com, Inc.,* U.S. District Court for the District of Oregon, Case No. 19-CV-00874-MO ("*Buero*"). Notwithstanding the immediately prior sentence, in the event an Approved Claimant receiving a penalty wage payment as a member of Group B is also eligible for a penalty wage payment pursuant to a judgment or settlement in *Buero*, his or her *Buero* penalty wage payment will be reduced by the amount of the penalty wage payment he or she receives in this Case.

2.33. "*Released Parties*" means Amazon.com Services LLC and Amazon.com, Inc., as well as their affiliates, agents, insurers, parents, subsidiaries, predecessors, and successors.

2.34.  "*Settlement*" means the compromise and settlement of the Case as contemplated by this Agreement and the MOU.

2.35.  *"Settlement Administration Expenses"* means $150,000.00 to Analytics Consulting, subject to estimate and invoices from administrator.  Should the Settlement Administration Expenses exceed $150,000.00, the balance shall be satisfied out of the Maximum Total Payment.  Should said expenses not reach $150,000.00, the balance shall be incorporated within the second distribution to Group A, if practical and if the Minimum Settlement Amount has not been satisfied, and otherwise shall be distributed to a *cy pres* recipient as Unclaimed Funds.

2.36.  "*Settlement Administrator*" means a neutral third party to administer the Settlement, consistent with the terms approved by the Court, and shall be retained for this purpose by both Parties.  The Parties will jointly request that Analytics Consulting, LLC be appointed as the Settlement Administrator.  Settlement Administrator shall be paid from the Maximum Settlement Amount.

2.37.  "*Settlement Award*" means the gross amount each Class Member and Approved Claimant is eligible to receive based on the Group designations.

2.38.  "*Swearingen*" means *Swearingen v. Amazon.com Services, Inc.*, U.S. District Court for the District of Oregon, Case No. 19-CV-1156-JR.

## 3.  RECITALS

3.1.  **Procedural Posture**.  The Case was filed in the U.S. District Court for the District of Oregon, Case No. 3:20-CV-01751-JR on October 12, 2020.  Amazon filed a motion to dismiss or stay this case pending resolution of class certification and dispositive motion practice in *Swearingen*.  On November 1, 2021, the Court granted Amazon's

motion, thereby staying this case pending resolution of any dispositive motions in *Swearingen*. The *Swearingen* case was certified, in part, as a class action. While an interlocutory appeal to the Ninth Circuit was pending in *Swearingen*, the *Swearingen* parties were able to reach a class action settlement with the *Swearingen* settlement receiving final approval. This Case is set to resume litigation, absent reaching a separate settlement of this Case. For purposes of mediation, the Parties exchanged information, documents and data. The Parties are also cognizant of the discovery and Court rulings in *Swearingen* that could have some bearing on the claims in this Case. This Settlement was reached under the auspices of an independent mediator, Teresa Wakeen, with the Parties continuing negotiations of the settlement terms thereafter.

3.2.   **Investigation in the Case**. The Parties have investigated the facts and law during the prosecution of this Case, including the exchange of information, conferences between representatives of the Parties, and interviews of potential witnesses. Counsel for the Parties have further investigated the applicable law as applied to the facts discovered regarding the alleged claims and potential defenses, and the damages alleged.

3.3.   **Investigation and Benefits of Settlement to Class Members**. Plaintiff claimed and continues to claim that the Released Claims, as defined in this Agreement, have merit and give rise to liability. However, Plaintiff recognizes the expense and length of continued litigation against Amazon through trial and any possible appeals. Plaintiff has taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation. Plaintiff is also aware of the burdens of proof necessary to establish liability for the claims asserted in the Case, and Amazon's defenses. Plaintiff has also taken into account the extensive settlement

negotiations conducted.  Based on the foregoing, Plaintiff has determined that the settlement set forth in this Agreement is a fair, adequate and reasonable, and is in the best interests of all Class Members.  Neither this Agreement, any documents referred to herein, nor any action taken to carry out this Agreement is, or may be construed as or may be used as an admission by or against the Plaintiff or Class Counsel as to the merits or lack thereof of the claims asserted.

3.4.    **Amazon Denial of Liability and Reasons for Settlement**.  Amazon has repeatedly asserted and continues to assert defenses, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Case, including that Plaintiff suffered damage.  Amazon recognizes that any further defense of this Case would be protracted and expensive for all Parties. Unless this Settlement is made, substantial amounts of time, energy and resources of Amazon will be devoted to the defense of the claims asserted.  Amazon recognizes the uncertainty of successfully defending against the claims brought by Plaintiff. Therefore, Amazon agrees to settle in the manner and upon the terms set forth in this Agreement.  Neither this Agreement, nor any document referred to or contemplated herein, nor any action taken to carry out this Agreement, may be construed as, or may be used as an admission, concession or indication by or against Amazon of any fault, wrongdoing or liability whatsoever.

3.5.    Plaintiff and Amazon agree that trial of this Case would likely be lengthy and complex, adding to the cost and potential delay.  The Parties recognize that the outcome of the Case is uncertain and desire to enter into this Agreement to fully and finally resolve this Case.

## 4.  SETTLEMENT TERMS

4.1.    NOW, THEREFORE, IT IS HEREBY STIPULATED, and subject to the approval of the Court, that the Case is hereby being compromised and settled pursuant to the terms in this Agreement and that subject to the Recitals above and by this reference become an integral part of this Agreement.

4.2.    **Released Claims**.  Settlement is conditioned upon a full release by the Named Plaintiff.  In addition, each Class Member will receive Notice of the Settlement, which shall explain the Released Claims.

4.2.1.    As of the Effective Date, Plaintiff and those Class Members who do not request exclusion release Amazon and the Released Parties from the Released Claims as defined in Paragraph 2.32.

4.2.2.    **Plaintiff's General Release of Claims**.  As of the Effective Date and in addition to the Released Claims, Plaintiff individually releases Amazon and the Released Parties as follows:

To the degree allowed by law, any and all claims, rights, demands, actions, liability, counter claims, damages, claims for attorneys' fees and costs, causes of action of every kind and character, and compensation of whatever kind or nature, in law, equity, or otherwise, known or unknown, vested or contingent, suspected or unsuspected, which either party may now have or has ever had, whether based on tort, contract (express or implied), or federal, state, or local statute, regulation, ordinance, constitution, executive order, or other law, specifically including, but not limited to, Title VII of the Civil Rights Act of 1964, ORS Chapters 659 and 659A, the Fair Labor Standards Act, the 1991 Civil Rights Act, the Equal Pay Act, the Rehabilitation Act of 1973, the Americans with Disabilities Act, the Family Medical Leave Act, the Oregon Family Leave Act, the Plaintiff Retirement Income Security Act, the Consolidated Omnibus Reconciliation Act of 1985, Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. section 621 et seq., State and Federal Racketeering Acts, Executive Order 11246, all federal and state retaliation statutes, and all federal and state Civil Rights statutes or ordinances (including sections 1981 and 1983).

4.2.3.   **Older Workers' Benefit Protection Act as to Plaintiff Only**.   Plaintiff acknowledges that (1) he was advised in writing to consult with an attorney before executing this Agreement; (2) he has been represented and advised by independent counsel of his own choice throughout all negotiations that preceded the execution of this Agreement; (3) he is aware of his rights under the Older Workers' Benefit Protection Act; (4) as consideration for executing this Agreement, he has received additional benefits and compensation of value to which he would otherwise not be entitled; (5) he has been given a period of at least 21 days to consider this offer if he wishes; and (6) Plaintiff may revoke the portion of this Agreement by which he waives his claims under the ADEA only by delivering a written notice to Lauren M. Blas at Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071, lblas@gibsondunn.com ("Amazon's Counsel"), within 7 calendar days of signing this Agreement.

4.2.4.   **Protected Rights**.  The Released Claims do not include any claims that Plaintiff or Class Members may have for workers' compensation benefits or any other non-waivable rights.

4.2.5.   As of the Effective Date, Plaintiff and Class Members who do not request exclusion agree not to sue or otherwise make a claim against any of the Released Parties that is related to the Released Claims.

4.3.   **Maximum and Minimum Settlement Amounts**.

4.3.1.   **Settlement Awards**:  Each Class Member and Approved Claimant will receive a Settlement Award, less applicable employment taxes resulting in a Net

Settlement Award based on the following the group designations.

4.3.1.1.   **Group A**: All Class Members shall receive a Settlement Award of $48.70 for the alleged unpaid wages in the Case without the need to submit a Claim Form. The number of Class Members designated in Group A shall not exceed 23,050 individuals.

4.3.1.2.   **Group B**: Those Class Members whose employment with Amazon ended during the Class Period shall be eligible for $685.00 for the alleged penalty wages in the Case by submitting a Claim Form, which shall constitute part of their respective Settlement Awards. The number of Class Members in Group B is not to exceed 13,400 individuals, who are also included in Group A. In the event an Approved Claimant receives a penalty wage payment as a member of Group B is also eligible for a penalty wage payment pursuant to a judgment or settlement in *Buero*, his or her *Buero* penalty wage payment will be reduced by the amount of the penalty wage payment he or she receives in this Case.

4.3.2.   **Service Award**:

4.3.2.1.   A Service Award shall be paid to Plaintiff Canan Schumann in the amount of $20,000.00 from the Maximum Settlement Amount.

4.3.2.2.   The Settlement Administrator shall pay the Service Award by wire transfer to Schuck Law's client trust account within 45 days after the Effective Date.

4.3.2.3.   Because Plaintiff signed this Settlement Agreement, Plaintiff shall receive a Settlement Award under Group B, in addition to the Service Award,

without the requirement of submitting a Claim Form.

4.3.3.  **Class Counsel Attorney Fees and Cost Award**:  Schuck Law, LLC, as Class Counsel, may move the Court for an award of no more than $5,333,333.33 as attorneys' fees and $4,423.00 as costs, collectively referred to as "Attorney Fees and Cost Award."  The Attorney Fees and Cost Award shall be deducted from the Maximum Settlement Amount.

4.3.3.1.  The Attorney Fees and Cost Award is for all claims for attorneys' fees and costs through the settlement administration of this Case.  The Attorney Fees and Cost Award is separate and distinct from the cost of settlement administration.

4.3.3.2.  The Settlement Administrator shall pay the Attorney Fees and Cost Award by wire transfer to Schuck Law, LLC within 45 days after the Effective Date.

4.3.4.  **Settlement Administrator Costs**.  The costs of settlement administration shall be no more than $150,000.00, subject to estimate and invoices from the Administrator.

4.3.4.1.  In the event that the total costs of Administration exceed $150,000.00, the balance shall be satisfied out of the Maximum Settlement Amount.  Should said expenses not reach $150,000.00, the balance shall be incorporated within the second distribution to Group A, if practical and if the Minimum Settlement Amount has not been satisfied, and otherwise shall be distributed as Unclaimed Funds.

4.3.4.2.  If required by the Settlement Administrator, after preliminary approval of

the Settlement by the Court, Amazon shall pay a retainer for settlement administration from the $150,000.00 total Settlement Administration Expenses, and in doing so reduce the balance of the Minimum Settlement Amount to be transferred 30 days after the Effective Date.

4.3.5.  The Minimum Settlement Amount is the guaranteed amount Amazon will pay. At no time shall Amazon be required to provide to the Settlement Administrator or Class Counsel funding beyond the Maximum Settlement Amount.

4.3.6.  Should the claims by Group B exceed the funds available within the Minimum Settlement Amount after payments to Group A, attorneys' fees, costs, Settlement Administration Expenses, required employer-side taxes, and the Service Payment, Amazon shall provide additional funding as necessary, subject to the limit of the Maximum Settlement Amount.

4.3.7.  Should the total of all amounts paid be less than the Minimum Settlement Amount (either because of the number of Group B claims and/or Court order) following the claims form process, the difference between the amount paid and the Minimum Settlement Amount shall be distributed on a *pro rata* basis to all Class Members in Group A.

4.3.8.  **Unclaimed Funds**.  Any amounts paid pursuant to this Agreement, subject to Court orders, that are not cashed or otherwise negotiated by the deadline will be considered "unclaimed funds" and paid to the Northwest Workers Justice Project, a local 501(c)(3) nonprofit organization, as a *cy pres* distribution.  No portion of the unclaimed funds shall revert to Amazon for any reason or be disbursed to Class Counsel.

4.3.9.    **Non Payment**.  If Amazon fails to pay any amounts due under this Agreement, or as ordered by the Court, within the times allowed, then Plaintiff may immediately enforce this Agreement, along with any Court orders, and any other relief as approved by the Court including interest at 9 percent on the past due amounts, starting from the due date(s) and continuing thereafter until paid in full, plus reasonable attorney fees in collecting on any past due amounts.

4.3.10.  **Taxes**.

4.3.10.1.  From the Maximum Settlement Amount, the Settlement Administrator shall calculate and pay for any and all employer required taxes associated with any payments of wages, and employer shares of applicable payroll tax payments (e.g., FICA, FUTA, etc.).

4.3.10.2.  From each Settlement Award, the Settlement Administrator shall make any necessary payroll deductions for state and federal withholding taxes and any other applicable payroll deductions properly chargeable to each Class Member, resulting in a Net Settlement Award.   The Settlement Administrator shall pay all payroll deductions to the appropriate taxing authorities upon distribution of the Net Settlement Awards.  Those portions of Settlement Awards made to Group A under Paragraph 4.3.1.1 shall be considered wages.  Those portions of Settlement Awards made to Group B as Approved Claimants under Paragraph 4.3.1.2 shall be considered penalties as 1099 income.  The Settlement Administrator shall calculate and issue the Net Settlement Award checks, based on the terms of this Agreement, to be paid to the Class Members and Approved Claimants from

the Maximum Settlement Amount.

4.3.10.3. Except as specified in this Agreement, each person and company will remain responsible for his/her/their/its own taxes, penalties, interest, fees, or other amounts determined to be due or owing by any taxing authority.

4.3.10.4. If any taxable income is generated by operation of this Settlement, in all events the tax returns filed shall reflect all taxes payable on any such taxable income. The Settlement Administrator shall be responsible to obtain, distribute, process, and file with the appropriate governmental agencies any tax forms needed to administer this Settlement Agreement.

4.3.10.5. The Settlement Administrator shall issue and distribute all necessary and appropriate tax documents related to any payment distributed by the Settlement Administrator for this Settlement. Distribution of tax forms shall be timely with all tax reporting requirements.

4.3.10.6. No Party makes any representation to any other Party as to the possible tax treatment of any payment under this Agreement. In the event that it is subsequently determined by the United States Internal Revenue Service or other taxing authority that any Party, Class Member, or Approved Claimant owes any additional taxes with respect to any money distributed under this Agreement, it is agreed that the determination of any tax liability shall be between that Party, Class Member, or Approved Claimant and the taxing authority, and that no other Party, Class Member, or Approved Claimant shall be responsible for the payment of such taxes, including any interest or penalties.

4.3.11. **Effect of Settlement Payments**.  The Parties agree that any amounts paid as required by this Agreement shall not have any effect on the eligibility for or calculation of any benefit otherwise available under any employee benefit plan (e.g. vacation, holiday, retirement, cafeteria, dependent care, etc.) and Oregon's sick time laws.  The Parties agree that any payments made under this Agreement do not modify any Class Member's previously credited hours of service, compensation, eligibility or other benefit of any employee benefit plan sponsored by the Released Parties.  Any payments required by the Agreement are not "compensation" in any year for purposes of any employee benefit plan. Class Members have elected to have none of the payment made under this Agreement deferred or contributed to any employee benefit plan that allows for elective deferrals or voluntary employee contributions.

4.3.12. No person shall have any claim against the Released Parties, Amazon's Counsel, Plaintiff, the Class, Class Counsel or the Settlement Administrator based on distributions and payments made in accordance with this Agreement and Court orders regarding this Settlement.

4.4. **Class Action Fairness Act Notice**.  Amazon shall provide notice to the U.S. Attorney General and the appropriate contact for each of the States and/or territories where any of the Class Members are known to reside as of the date the Agreement is filed with the Court and submitted for its approval. Such CAFA notice shall be made by Amazon within 10 days after Schuck Law files the Motion for Preliminary Approval and this Agreement.  Class Counsel will request that the Final Approval Hearing will not be set until at least 90 days after the CAFA notice has been mailed to

the federal and state officials as noted above. In support of final approval, Amazon or its counsel shall file a declaration outlining the compliance with the CAFA requirements.

4.5.    **Settlement Administrator**. The Parties agree that Analytics Consulting shall act as the Settlement Administrator, subject to Court approval. The Settlement Administrator shall carry out the terms and requirements of this Settlement, subject to Court approval and orders. The Parties agree to cooperate in the Settlement administration process and to make all reasonable and good faith efforts to control and minimize the costs and expenses incurred in administration of the Settlement. The Settlement Administrator shall be responsible for:

4.5.1.    Designating a primary contact person at Analytics Consulting who shall be responsible for complying with this Settlement and Court orders;

4.5.2.    Producing and mailing and emailing the Notice to Class Members and Reminder Notices;

4.5.3.    Texting the class alert to Class Members in the form in Exhibit 5;

4.5.4.    Creating and maintaining the settlement website for the duration of the administration, which will allow Class Members in Group B to securely submit a claim;

4.5.5.    Receiving and processing all Claim Forms and requests for exclusion;

4.5.6.    Promptly responding to Class Members' questions, comments, or inquiries and, if needed, referring questions involving legal issues regarding the Settlement to Class Counsel with appropriate safeguards to protect any attorney-client privileged transmissions;

4.5.7.   Calculating and distributing Settlement Awards;

4.5.8.   Distributing any unclaimed funds (if any) to the Northwest Workers Justice Project;

4.5.9.   Preparing and distributing any IRS W-2 and/or 1099-MISC forms.   The Settlement Administrator shall certify to the Parties' counsel that W-2 and 1099 Forms have been properly mailed to Approved Claimants on or before February 1 of the year following the disbursements;

4.5.10.   Keeping the Parties' counsel equally apprised of the status of the Settlement Administration until completion of the Settlement.   Any decisions regarding the administration that are not addressed in this Agreement shall be submitted to the Parties' counsel jointly;

4.5.11.   Taking appropriate steps to secure the privacy of Class Member information consistent with Oregon and federal law; and

4.5.12.   Other tasks as detailed in this Agreement, as the Parties mutually agree or the Court orders the Settlement Administrator to perform.

4.6.   **Class and Confirmation Lists**.   Within 15 calendar days after the Court signs a Preliminary Approval Order, Amazon shall provide to the Settlement Administrator an electronic list containing each Class Member's name, last known address, email addresses, telephone number, social security number, any tax designations required, and group  designation(s).   Amazon shall also provide, in useable electronic format, a list containing each Class Member's first and last name, the last four digits of their social security number, and Group B designation to Class Counsel (the "Confirmation List").   The Class List and Confirmation List shall be used for purposes of this

settlement only.

4.7.    **Notice of Class Action Settlement and Requirements**.

    4.7.1.    The Notice, subject to Court approval, shall be in the form attached as Exhibit 1 and shall include a statement that Amazon denies all liability for any alleged wrongdoings.  The Notice will advise and explain how Class Members can make a claim, request exclusion, object, or choose to do nothing.  The Notice will advise that a Claim Form is only required for an award for Group B and include instructions on how to submit a valid and timely Claim Form.  The Notice will contain a scannable QR code and/or clickable link (as appropriate) to the settlement website, which will be created and maintained by the Settlement Administrator.

    4.7.2.    **Class Notice Dissemination**.

        4.7.2.1.    Within 45 calendar days after entry of the Preliminary Approval Order, the Settlement Administrator shall mail and email a copy of the Notice and Claim Form to each Class Member, and send text messages with the language in Exhibit 5.  The Settlement Administrator shall mail and email the Notice and Claim Form to the mailing and email address provided by Amazon and any different mailing or email address from the U.S. Postal Service after checking with the U.S. Postal Service for forwarding addresses for Class Members.  The Settlement Administrator shall send a text messages to the phone numbers provided by Amazon.

        4.7.2.2.    **Returned Undeliverable Mail**.  Any Notice returned as undeliverable shall be remailed to the forwarding address affixed to the Notice, if a

Notice has not already been sent to that address. If no forwarding address is provided, then the Settlement Administrator shall promptly attempt to determine a correct address via internet searches. Any Notices returned within 5 business days before the Response Deadline shall not be remailed. The Settlement Administrator shall not be required to search for new phone numbers for any text messages that bounce back or are no longer associated with a Class Member.

4.7.2.3.   **Reminder Notices**. The Settlement Administrator will distribute reminder postcards, emails, and text messages 30 days (or the next business day after the expiration of the 30 days) following the initial mailing to any Class Member who has not submitted a claim, requested exclusion, or updated their address at the settlement website.

4.8.   **Settlement Website**. The Settlement Administrator will create and maintain a website for this Settlement, at a URL approved by the Parties. On the website, each Class member will be able to securely submit a Claim Form, and/or change or update their mailing address. The website will contain the Notice, the complaint in this Case, the Motion for Preliminary Approval with supporting declarations (if any), Preliminary Approval Order, and any other documents that the Parties jointly deem or the Court deems should be posted. The Settlement website will also contain mailing and email addresses for the Settlement Administrator. The Settlement website will also contain the phone number for Class Counsel.

4.9.   **Claim Forms**. Class Members who qualify for Group B must submit a valid and timely Claim Form to receive the Group B portion of the Settlement Award, and upon

making such submission shall be an Approved Claimant.

4.9.1. **Valid Claim Forms**.  To be valid, the Claim Form must contain the Class Member's name, last four digits of the Class Member's social security number, and be signed by the Class Member.  Claim Forms can be submitted by mail, email, or through the settlement website.  The last 4 digits of the Class Member's social security number shall be used to verify validity for online claim submissions.

4.9.2. **Timely Claim Forms**.  The date of the postmark, email or submission via the settlement website shall be the means used to determine whether a Class Member has "timely" submitted a Claim Form.  Claim Forms that are not timely shall be so designated and the claim may be rejected.

4.9.3. **Methods to Submit Claim Forms**.  Class Members can submit a Claim Form by mail, overnight delivery, email, or via the settlement website.  Any other means of Claim submission must be approved by all of the Parties.  Any Claim Forms received directly by Class Counsel or Amazon shall be immediately forwarded to the Settlement Administrator with the envelope or other information to determine timeliness.

4.9.4. **Deficient Claim Forms**.  If a Class Member's Claim Form is deficient as to the Claim Form requirements, except timeliness, the Class Member shall be given an opportunity to cure the defect(s).

4.9.4.1. Any such Claim Form shall be returned, via mail and email, to the Class Member, who will be informed of the deficiency.

4.9.4.2. The Class Member will be given 5 business days or until the Response

Deadline, whichever is later, to cure the deficiency and return the Claim Form to the Settlement Administrator.

4.9.4.3.   All deficient Claim Forms not timely cured shall be designated as such and may be rejected.

4.9.5.   **Notice of Denied Claim**.   At the same time as Settlement Awards are mailed, the Settlement Administrator will send a Notice of Denied Claim to anyone who submitted a Claim Form that was not timely and/or was invalid and not subsequently cured, which shall state the reason the claim was denied.

4.10.   **Objections or Exclusions from the Class Action Settlement**.

4.10.1.   **Timely Objection or Exclusion**.   Class Members must submit their request for exclusion or file and serve their objection by the Response Deadline.

4.10.2.   **Procedure for Objecting**.   The Notice shall provide that Class Members who wish to object to the Settlement must file with the Court and serve on the Parties' counsel a formal written statement objecting to the Settlement.

4.10.2.1.   The objection must include the Class Member's full name, their name(s) while employed by Amazon, the specific basis of the objection, the relief sought, if any, along with any and all documents that support the objection.

4.10.2.2.   Such formal written statement must be filed with the U.S. District Court for the District of Oregon and served on counsel for the Parties by the Response Deadline.

4.10.2.3.   Objecting Class Members wishing to appear at the Settlement Approval hearing must file and serve before the Response Deadline their intention to appear with their written formal objection.

4.10.2.4.  Class Members who fail to timely file and serve their written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Settlement and shall be bound by the terms of the Settlement, to the extent allowed by Oregon law.

4.10.3.  **Procedure for Requesting Exclusion**.  The Notice shall provide that Class Members who do not want to be bound by the Released Claims may opt-out or exclude themselves from the Class and Settlement by mailing a Request for Exclusion on or before the Response Deadline.

4.10.3.1.  The Request for Exclusion must be a written statement expressing the desire to be excluded and must include:  the case name and number, the Class Member's full name and name(s) while employed by Amazon, his/her current address, telephone number and last 4 digits of his/her social security number.

4.10.3.2.  The date of the postmark or email shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.

4.10.3.3.  Any Class Member who requests to be excluded from the Class will not be entitled to any recovery from the Settlement Amount and will not be bound by the Released Claims or have any right to object, appeal or comment thereon.

4.10.3.4.  Any requests for exclusion received directly by Class Counsel shall be immediately forwarded to the Settlement Administrator with the envelope or information to determine timeliness.

4.10.3.5. Class Members who fail to submit a valid and timely request for exclusion on or before the Response Deadline shall be bound by all terms of the Settlement and any Court Orders entered in this Case, to the extent allowed by Oregon law.

4.11. **Multiple Responses from a Class Member**.  If a Class Member submits more than one valid and timely Claim Form, and does not request exclusion, the Class Member shall be eligible to receive a Settlement Award as if one valid and timely Claim Form was submitted.  If a Class Member submits a Claim Form or files an objection, and also submits a valid and timely Request for Exclusion, the Request for Exclusion shall govern as if no Claim Form or objection was submitted.  Any Class Member who chooses to file an objection may not request exclusion.

4.12. **Final List of Class Members, Approved Claimants and Excluded Class Members**.  No later than 14 calendar days after the Response Deadline, the Settlement Administrator shall provide Amazon's Counsel and Class Counsel with lists of:  1) the number of Class Members who have requested exclusion, noting if any are invalid or untimely; 2) the number of Class Members who submitted Claim Forms, noting if any are invalid or untimely, and group designation(s); and 3) projected total of all Settlement Awards. The Settlement Administrator shall include other such information mutually agreed upon by the Parties.

4.13. **Amazon's Option of Rejecting Settlement.**  If 3% or more of Class Members request exclusion or opt-out of the Settlement and within 20 days after the Response Deadline, Amazon shall have the unilateral right in its sole and absolute discretion to void the settlement in its entirety.  In such an event, the Parties shall be returned to

the pre-mediation status and this Agreement and MOU shall be void.

4.14.  **Preliminary and Final Approval of Settlement**

4.14.1.  The Parties stipulate and agree that they consent to the jurisdiction of Honorable Magistrate Judge Jolie A. Russo for the limited purpose of settlement approval, including preliminary and final approval.

4.14.2.  **Preliminary Approval**.  Plaintiff shall file a Motion for Preliminary Approval, which Amazon shall not oppose to the degree it is consistent with this Agreement.  Plaintiff's motion for preliminary approval will specifically request certification for settlement purposes only.  The Motion for Preliminary Approval will request that the Court enter the Preliminary Approval Order (Exhibit 3). The Preliminary Approval Order shall include:  approving the proposed Settlement, certifying the class for settlement purposes only, appointing the Plaintiff as the Class Representative, appointing Schuck Law, LLC as Class Counsel, and appointing Analytics Consulting, LLC as the Settlement Administrator.  The Preliminary Approval Order shall provide for Notice (Exhibit 1) and Claim Form (Exhibit 2) to be sent to Class Members as specified herein, and scheduling the Final Approval Hearing to determine final approval of the Settlement within the timeline provided in paragraph 4.4.

4.14.3.  **Final Approval**.  Within 30 days after the Response Deadline, Class Counsel shall file a Motion for Final Approval and entry of an order granting final approval (Exhibit 4), which Amazon shall not oppose to the degree it is consistent with this Agreement and any intervening orders of the Court.

4.14.4.  The Parties agree that they will not object or appeal from any order consistent

with the agreed-upon terms.

4.15.  **Payment of Settlement Awards.**

4.15.1.  All Class Members and Approved Claimants will receive a Net Settlement Award.  The Settlement Administrator shall issue and mail the Net Settlement Awards within 15 days after receipt of funds from Amazon for Settlement Awards.

4.15.2.  The Settlement Administrator's determination of eligibility for, and the amounts of, Net Settlement Awards under this Agreement, shall be conclusive, final and binding on all Parties, including all Class Members, subject to review by Class Counsel, Amazon, Amazon's Counsel, and the Court, if necessary.

4.15.3.  The Net Settlement Awards shall remain valid and negotiable for 60 days from the date of their issuance and may thereafter automatically be canceled if not cashed or deposited within that time, at which time the amount shall be treated as unclaimed funds and subject to the provisions of paragraph 4.3.8.

4.15.4.  **Returned Settlement Awards**.  In the event any Net Settlement Award is returned, if the Settlement Administrator has not already received a returned mailing for that Class Member, the Settlement Administrator shall promptly re-mail the Net Settlement Award to the corrected or updated address for the Class Member, as determined by postal forwarding address or through a search of a national database.  If a corrected address cannot be obtained, or in the case of two returns attributable to any Class Member, the disbursements will be deemed to be unclaimed funds and treated in accordance with paragraph 4.3.8 of this Agreement.

4.15.5.  With the Net Settlement Awards and tax documents, the Settlement Administrator will also provide each Class Member with a notice advising them to seek their own personal tax advice regarding any potential tax consequences of the settlement award.

4.15.6.  Within 60 days after the mailing of Settlement Awards, any non-negotiated Settlement Awards will be deemed unclaimed funds and disbursed to the designated *cy pres* recipient as set forth in paragraph 4.3.8, with the required certifications completed within 75 days of the mailing of the Settlement Awards. The Settlement Administrator shall certify to the Parties' counsel whether there were any unclaimed funds, that the unclaimed funds were paid accordingly, and that it has fully complied with its obligations.

4.16.  **Good Faith Efforts for Administration and Court Approval**.  The Parties agree to use their best efforts to carry out the terms of this Settlement.  In the event the Court expresses concerns about the Settlement before Preliminary or Final Approval, the Parties will confer in good faith to reach an agreement on any modifications or amended motions to obtain court approval.

4.17.  **Media Restrictions**.  The parties and their counsel agree that they will not issue any press releases or initiate any contact with the media about the fact, amount, or terms of the settlement.  If counsel for either party receives an inquiry about the settlement from the media, counsel may respond only after the Motion for Preliminary Approval has been filed and only by confirming the terms of the Settlement.

4.18.  **No Solicitation of Settlement Objections or Exclusions**.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to

request exclusion, submit objections, or appeal from the Court's decisions regarding this Settlement. Both Parties agree to use their best good faith efforts to carry out the terms and conditions of this Agreement. Nothing in this Agreement is intended to limit Class Counsel's ethical duties to properly advise Class Members regarding their claims and/or right to request exclusion.

4.19. **Waiver of Right to be Excluded, Object, and/or Appeal**. The Parties agree to sign this Agreement and by signing this Agreement are bound by its terms and agree not to object or appeal from an order of Preliminary Approval, Final Approval Order, and/or the Order and Final Judgment Approving Settlement of Class Action. The Parties agree that in submitting this Agreement to the Court for preliminary and final approval to waive any and all objections to the terms in this Agreement. Plaintiff agrees to not request exclusion from the Settlement. Any such request for exclusion or objection shall therefore be void and of no force or effect. Non-compliance by any Party with this paragraph shall be void and of no force or effect.

4.20. **Amazon's Fees, Costs and Expenses**. All of Amazon's own legal fees, costs and expenses incurred in this Case and through final completion of the Settlement shall initially be borne by Amazon, provided, however, all such fees, costs and expenses shall be considered as being incurred for purposes consistent with the causes of action. The Parties agree to cooperate in the Settlement administration process and to make all reasonable and good faith efforts to control and minimize the costs and expenses incurred in administration of the Settlement.

4.21. **Privacy of Documents and Information.** Plaintiff and Class Counsel agree that none of the documents and information, including but not limited to the Confirmation

List and mediation data/information provided to them by Amazon shall be used for any purpose other than settlement of this Class Action pursuant to this Agreement. Amazon agrees that it will not disclose the identities of Class Members or Approved Claimants to those individuals' direct supervisors at Amazon. Amazon further agrees that Class Members' participation in this Case and Settlement shall have no effect on current or future employment. The Parties agree to take appropriate steps to secure the privacy of Class Member information consistent with Oregon law.

4.22. **Interim Stay of Proceedings**. The Parties agree to hold all proceedings in the Case, except such proceedings necessary to implement and complete the Settlement, in abeyance pending the Final Approval Hearing.

4.23. **Entire Agreement and Exhibits.** Each of the Parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction made to this Agreement, the same shall not be construed against any of the Parties. Each Party has had opportunity to consult with their legal counsel before signing this Agreement. This Agreement includes the terms set forth in the attached exhibits, which are incorporated by this reference as though fully set forth herein. This Agreement, including all its exhibits, constitute the entire agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties, or as ordered by the Court at the preliminary approval hearing and/or Final Approval Hearing.

4.24.  **Authorization to Enter Into Settlement Agreement**.  Each Party's counsel warrants and represents they are expressly authorized by their client(s) to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel shall cooperate with each other and the Settlement Administrator by using their best efforts to implement the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.  The persons signing this Agreement on behalf of Amazon represent and warrant that they are authorized to sign this Agreement on behalf of Amazon.

4.25.  **Counterparts.**  This Agreement may be executed in one or more counterparts, thereby resulting in the Agreement having more than one signature page.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

4.26.  **Electronic Signatures.**  The Parties agree that this Agreement may be electronically signed.  The parties agree that the electronic signatures appearing on this Agreement are the same as handwritten signatures for the purposes of validity, enforceability, and admissibility.  A signed copy of this Agreement transmitted by means of electronic transmission shall be deemed to have the same legal effect as delivery of an original executed copy of this Agreement.

4.27.  **Jurisdiction of the Court.**  The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

4.28.  **Oregon Law Governs.**  This Agreement and its exhibits shall be governed by and interpreted according to Oregon State laws.

4.29.  **Invalidity of Any Provision.**  Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable.  To the extent any provision is declared as invalid, the other provisions shall remain valid and enforceable.

4.30.  **Nullification of Settlement Agreement.**  In the event: (i) the Court does not grant preliminary approval; (ii) the Court does not grant final approval of the Settlement; (iii) the Settlement does not become final for any other reason, or (iv) Amazon elects to void the agreement pursuant to Paragraph 4.41, this Agreement and the MOU shall be null and void.  In the event this Settlement is nullified for any reason set forth in this paragraph, the Parties and any Amounts to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, except that any costs already incurred by the Settlement Administrator shall be a cost which is split evenly between the

Plaintiff and Amazon.

4.31.   **This Settlement Agreement Is Fair, Adequate and Reasonable.**  The Parties have arrived at this Settlement through arms-length negotiations, taking into account all relevant factors, present and potential.  The Parties agree that each of them has had the full opportunity to participate in the drafting of this Agreement and, accordingly, any claimed ambiguity shall neither be construed for nor against any Party.  This Settlement was reached under the auspices of an independent mediator, Teresa Wakeen, and subsequent negotiations regarding the Settlement terms.

4.32.   **Not a Novation.**  The Parties agree that this Agreement is not a novation, and that should Amazon petition for bankruptcy prior to the Effective Date, Plaintiff and Class Members retain the ability to object to discharge or dischargeability based on the claims asserted in the Complaint.


THIS PORTION OF PAGE INTENTIONALLY LEFT BLANK

## SIGNATURE PAGE

PLAINTIFF

Date: _____Apr 20, 2023_____

*[signature]*
Canan Schumann (Apr 20, 2023 13:30 PDT)

Canan Schumann


PLAINTIFF'S AND CLASS COUNSEL
SCHUCK LAW, LLC

Date: _____Apr 20, 2023_____

By *David A Schuck*
David A Schuck (Apr 20, 2023 13:40 PDT)

David A. Schuck, OSB 993564, WSB 37285
Karen A. Moore, OSB 040922, WSB 42476
Attorneys for Plaintiff and Class


DEFENDANTS

Date: _____

AMAZON.COM SERVICES LLC and
AMAZON.COM, INC.


By: _____

Amazon Representative


AMAZON'S COUNSEL

Date: _____

GIBSON, DUNN & CRUTCHER LLP

By: _____
Lauren M. Blas, *pro hac vice to be submitted*
Jason C. Schwartz, *pro hac vice*
Attorneys for Defendant Amazon.com Services
LLC and Amazon.com, Inc.

## SIGNATURE PAGE

PLAINTIFF

Date: _____          _____
                                  Canan Schumann


Date: _____          PLAINTIFF'S AND CLASS COUNSEL
                                  SCHUCK LAW, LLC


                                  By _____
                                  David A. Schuck, OSB 993564, WSB 37285
                                  Karen A. Moore, OSB 040922, WSB 42476
                                  Attorneys for Plaintiff and Class


                                  DEFENDANTS

Date: April 21, 2023               AMAZON.COM SERVICES LLC and
                                  AMAZON.COM, INC.

                                  By: _____

                                  Amazon Representative


                                  AMAZON'S COUNSEL

Date: April 20, 2023               GIBSON, DUNN & CRUTCHER LLP

                                  By: _____
                                  Lauren M. Blas, *pro hac vice*
                                  Jason C. Schwartz, *pro hac vice*
                                  Attorneys for Defendant Amazon.com Services
                                  LLC and Amazon.com, Inc.

**LIST OF EXHIBITS**

1.      Class Notice
2.      Claim Form
3.      Preliminary Approval Order
4.      Order and Final Judgment Approving Settlement of Class Action
5.      Text Alert of Class
6.      Memorandum of Understanding ("MOU")