IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CANAN SCHUMANN**, individually and on behalf of all similarly situated,<br><br>                              **Plaintiff**,<br><br>    v.<br><br>**AMAZON.COM, INC.,** a foreign corporation, **AMAZON.COM SERVICES LLC;** a foreign corporation,<br><br>                              **Defendants.** | Case No.  3:20-CV-1751-JR<br><br>**OPINION AND ORDER PRELIMINARILY APPROVING STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS** |

This matter has come before the Court on Plaintiff's Motion for Preliminary Approval (ECF [38]) and for the certification of a settlement class pursuant to the terms of the Stipulation and Settlement Agreement of Class Action Claims ("Settlement" or "Settlement Agreement") (ECF [42]).  The Court has received and reviewed the Settlement Agreement with exhibits.  The terms used herein are defined and consistent with the Settlement Agreement.

The proposed Settlement, with class certification for settlement purposes only, of the claims advanced by the settlement class will achieve a definite and certain result for the benefit of Class Members and is preferable to continuing litigation in which the Class Members and Defendants would necessarily encounter substantial risk, uncertainty, delay, and cost.  This Order is entered exclusively for purposes of this Settlement.

Preliminarily, this Court finds that the following terms and conditions shall apply to this Order:

1. This Order is a conditional certification for settlement purposes only. This Order is not intended to be an admission by Defendants that class certification for any purpose other than settlement is proper in this Case or in any other litigation against Defendants.

2. The Settlement resulted from extensive arm's-length negotiations. The Settlement Agreement was executed only after Plaintiff's Counsel had conducted extensive investigation and the Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to Class Members.

3. The Settlement Agreement pursuant to which this Order is entered contains a comprehensive explanation of the Settlement, with the full Release of Claims provided, and a process by which Class Members are allowed to request exclusion or object to the Settlement. The Settlement Agreement further contains a claims process by which Class Members who qualify for Group B (as defined) based on Defendants' business records may submit a Claim Form that provides for payment based on the class definition.

4. If for any reason this Court does not finally approve the Settlement Agreement, this Order shall be deemed null and void without further action by this Court or any of the Parties, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order.

In accordance with the foregoing terms, conditions and purpose, this Court ORDERS as follows:

1. The settlement class meets the requirements of Rule 23(e) of the Federal Rules of Civil Procedure. The settlement class is certified for purposes of Settlement only.

2. For purposes of Settlement only, the Court preliminarily finds:

   a. Pursuant to Rule 23(a)(1), Class Members are sufficiently numerous that joinder of all members would be impracticable.

   b. Pursuant to Rule 23(a)(2), there exist questions of law and fact that are common to the claims of the Class Members.

   c. Pursuant to Rule 23(a)(3), the claims or defenses of the Plaintiff are typical of the claims of the Class Members.

   d. Pursuant to Rule 23(a)(4), the Plaintiff will fairly and adequately protect the interests of the Class Members in that: (i) the interests of Plaintiff and the nature of the alleged claims are consistent with those of the Class; (ii) there appear to be no conflicts between or among the Plaintiff and the settlement class; and (iii) the Plaintiff and the Class Members are represented by qualified, reputable counsel at Schuck Law, LLC who are experienced in preparing and prosecuting wage and hour class actions.

   e. Pursuant to Rule 23(b)(3), questions of law or fact common to the claim or defense of the Plaintiff and the claim or defense of each Class Member predominate over any question of law or fact affecting only individual Class Members, and class representation is superior to other available methods for the fair and efficient adjudication of the controversy.

3. The settlement class shall be defined as: All hourly Operations employees of Amazon working in Oregon during the class period of April 16, 2019 through October 12, 2020. There shall be no more than 22,035 Class Members. Class Members shall be divided into the following:

> Group A: All Class Members who meet the class definition.
>
> Group B: Those Class Members whose employment with Amazon ended during the Class Period. The number of Class Members in Group B is not to exceed 13,400 individuals, which are also included in Group A.

4. The "Class Period" as used herein means the period of time from April 16, 2019 through October 12, 2020.

5. Pursuant to Rule 23, the Court appoints Plaintiff Canan Schumann as the Class Representative.

6. The Class, certified for settlement purposes only, consist of claims arising from Plaintiff's allegation that Defendants did not timely pay any and/or all wages due at the end of employment under ORS 652.150.

7. Pursuant to Rule 23, the Court appoints the following counsel as Class Counsel: David A. Schuck, Stephanie J. Brown, and Karen A. Moore of the law firm of Schuck Law, LLC. The attorneys at Schuck Law are capable of fairly and adequately representing the interests of the Class Members, in that they have done extensive work identifying or investigating potential claims in the action. Schuck Law is experienced in handling class actions and claims of the type asserted in the Case; is knowledgeable of the applicable law; and has committed the necessary resources to represent the Settlement Class.

8. The Parties have agreed, subject to Court approval, to a proposed form of Notice of Class Action Settlement and Release of Claims, which is Exhibit 1 to the Settlement Agreement. With respect to such form of Notice, the Court finds that such form of notice meets the requirements of due process and provides the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

9. The Parties have agreed, subject to Court approval, to proposed detailed notice procedures as outlined in the Settlement Agreement for providing notice to Class Members, and a proposed form of Notice and Claim Form, which are within Exhibits 1 and 2 to the Settlement Agreement. Because the Notice advises Class Members of the right and option to stay in the case, request exclusion, or object to the Settlement, the Court finds that the form of notice in Exhibit 1 meets the requirements of due process and provides the best notice practicable under the circumstances and shall constitute due and sufficient notice to Class Members. The Court finds that the notice procedures in the Settlement Agreement are fair, adequate and reasonable for providing the best notice practicable to Class Members. The Court appoints Analytics Consulting, LLC as "Settlement Administrator" to administer the Settlement in accordance with this Order and the requirements set forth in the Settlement Agreement.

10. Any Class Member who wishes to object to the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for compensation for the Plaintiff may file an Objection on or before the Response Deadline. Objectors or their attorneys intending to appear at the Final Approval Hearing must include a statement with the objection that they intend to appear at the Final Approval Hearing. Any objector or their counsel who does not timely file and serve a written objection complying with the requirements in the Settlement Agreement shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

11. By minute order, the Court shall set a Final Approval hearing date and time, not less than 90 days after the CAFA notice has been mailed to the appropriate federal and state

contacts (as specified in the Stipulation and Settlement Agreement of Class Action Claims) from the date of this Order to determine, among other things:

    a. Whether the Settlement should be given final approval as fair, reasonable and adequate;

    b. Whether the litigation should be dismissed with prejudice pursuant to the terms of the Settlement;

    c. Whether Class Counsel's request for an award of attorneys' fees, costs and expenses should be approved; and

    d. Whether the Service Award to Plaintiff should be approved.

12. The Court reserves the right to continue the Final Approval Hearing without further written notice.

13. The Court finds that the deadlines and timing of events as detailed in the Settlement Agreement are fair, reasonable and adequate. The Court incorporates those deadlines and the timing of events detailed in the Settlement Agreement in this Order as if each were set forth herein.

14. The Court finds that a stay of all proceedings between the Parties in this case is reasonable for purposes of the Settlement, settlement administration, and the notice procedures.

15. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability. This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiff or the class that their claims lack merit or that the relief requested in the Case is inappropriate, improper or unavailable. Nor shall it be construed as a waiver by any

party of any arguments, defenses, or claims he, she, or it may have.

IT IS SO ORDERED.

DATED this 26th day of April, 2023.

    /s/ Jolie A. Russo
The Honorable Jolie A. Russo
United States Magistrate Judge